UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANDEM FUND II, L.P., <br><br>  Plaintiff, <br><br> v. <br><br> SCOTTSDALE INSURANCE COMPANY, <br><br>  Defendant. | Case No. 23-cv-02810-VC <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> Re: Dkt. Nos. 7, 13 |

Scottsdale's motion to dismiss is granted, and dismissal is with prejudice. As alleged in the complaint (and as discussed in the arbitral decision, of which the Court takes judicial notice), Tandem loaned Cuff, a subsidiary in dire straits, $1,701,441.81 based on representations about Cuff's customer commitments. In 2019, an arbitral panel found that Cuff and its CEO, Deepa Sood, had intentionally and materially misrepresented the state of Cuff's affairs to induce the loans. The panel ordered Cuff and Sood jointly and severally liable for the $1,701,441.81 that Tandem had loaned Cuff, plus lender expenses, interest, and arbitration fees. Since then, Tandem has acquired Cuff's rights under a Scottsdale insurance policy, which includes coverage for director and officer liability. But Scottsdale has refused to pay. Tandem thus brings this action for breach of contract.[1]

Awards for restitution are uninsurable under California law. *See Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1266 (1992) ("It is well established that one may not insure

---

[1] The $1,701,441.81 figure accounts for a $100,000 credit, the amount for which Tandem acquired Cuff's assets at an auction.

against the risk of being ordered to return money or property that has been wrongfully acquired."); *see also Jaffee v. Cranford Insurance Company*, 168 Cal. App. 3d 930, 935 (Cal. App. 1985); *AIU Insurance Company v. Superior Court*, 51 Cal. 3d 807, 836 (1990). This is based on a public policy that "[w]hen the law requires a wrongdoer to disgorge money or property acquired through a violation of the law, to permit the wrongdoer to transfer the cost of disgorgement to an insurer would eliminate the incentive for obeying the law. Otherwise, the wrongdoer would retain the proceeds of his illegal acts, merely shifting his loss to an insurer." *Bank of the West*, 2 Cal. 4th at 1269–70.

Scottsdale rightly argues that the arbitral award in this case is restitutionary in nature. The arbitral panel ordered Sood and Cuff to *return* to Tandem the amount they wrongfully obtained from it. This is the very definition of restitution. *See Jaffee*, 168 Cal. App. 3d at 935 (where "the defendant is required to restore to the plaintiff that which was wrongfully acquired," the award is uninsurable restitution); *Bank of the West*, 2 Cal. 4th at 1268 (same). The fact that the panel additionally awarded associated lender expenses, interest, and fees does not complicate matters (nor does Tandem argue that it does). These are not covered losses under the policy because they are not tethered to any insurable loss. *See Screen Actors Guild v. Federal Insurance Company*, 636 F. App'x 409, 410 (9th Cir. 2016).

Tandem makes much of the fact that the arbitral panel refers to the award as actual damages rather than restitution. But the label is irrelevant—what matters is the nature of the award. *See Unified Western Grocers, Inc. v. Twin City Fire Insurance Company*, 457 F.3d 1106, 1115 (9th Cir. 2006) ("The label of 'restitution' or 'damages' does not dictate whether a loss is insurable.") (citing *Bank of the West*, 2 Cal. 4th at 1270).

Tandem also argues that the award is not restitutionary in nature because "[s]uch a remedy would have been meaningless: Cuff was defunct with no assets. Sood lost her own personal money in the endeavor. There is nothing in the award to suggest that she was sitting on $1.7 million in ill-gotten gains." Dkt. No. 16 at 11. Tandem offers no support for the extraordinary proposition that an award of restitution is only appropriate or tenable when the

wrongdoer is still sitting on the ill-gotten gains. And there is ample support to the contrary. *See Unified Western Grocers*, 457 F.3d at 1115 ("The fundamental distinction is not whether the insured received 'some benefit' from a wrongful act, but whether the claim seeks to recover the money or property that the insured wrongfully acquired.").[2]

This is the rare case where it is appropriate to dismiss with prejudice at the outset, because it is inconceivable that Tandem could amend its complaint to remedy this legal deficiency.

**IT IS SO ORDERED.**

Dated: August 17, 2023

VINCE CHHABRIA
United States District Judge

---

[2] Because the arbitral award is uninsurable restitution under California law, there is no need to reach the parties' arguments regarding section 533 or the requirement of a final judgment under the policy exclusion for fraud.